Argued and submitted July 25, reversed and remanded December 24, 1997

## Mike BOROUGH,
*Appellant,*

*v.*

## D.G. AVERILL TRUCKING,
a sole proprietorship,
*Respondent.*

(952023; CA A95060)

951 P2d 202

Marybeth Wosko argued the cause and filed the brief for appellant.

Michael P. Ryan argued the cause for respondent. With him on the brief was Allen, Fellows, Livingston, Sheridan, Ryan, Odman & Ford, L.L.P.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

In this wrongful discharge case, plaintiff appeals a grant of summary judgment in favor of defendant. Plaintiff alleged that he was fired because he refused defendant's demand that he make what he believed to be a false statement on an automobile insurance claim. Defendant responds that the form was simply for internal use, that there was no insurance on the vehicle, and that there was no intent by the defendant to file an insurance claim.

We examine the record in the light most favorable to plaintiff. Summary judgment is only appropriate if there are no issues of material fact to be decided and the moving party is entitled to judgment as a matter of law. The question is whether a material fact exists that would allow plaintiff to prove a case of wrongful discharge.

Plaintiff was driving a truck owned by defendant when he was involved in a one-vehicle accident. He contends that the brakes locked up, causing the truck to veer off the road into a ditch. Later, he was given an accident form by a coworker to fill out. The coworker told plaintiff that the form was for insurance purposes. On the form, plaintiff expressly denied responsibility for the accident. Defendant confronted plaintiff and demanded that he change the report and accept responsibility for the accident or he would be fired. Plaintiff refused to change the report and was ultimately fired. The form plaintiff was requested to fill out was a form typically used by defendant to submit property damage claims to an insurer. Additionally, defendant visited the accident scene and took pictures.

The general rule regarding employment at will is that an employer may discharge an employee at any time for any reason. *See Delaney v. Taco Time, Int'l.*, 297 Or 10, 16-17, 681 P2d 114 (1984). However, a wrongful discharge occurs if an employee is terminated for fulfilling an important societal obligation. *Id.* The trial court did not address whether refusing to make what plaintiff believed to be a false statement on an insurance report constituted an important societal obligation. For purposes of this appeal, we assume that it was

and address only whether the trial court erred in granting defendant's summary judgment motion.

■ Here, the trial court granted defendant's summary judgment motion because the facts showed that there was no physical damage insurance on the vehicle, so no insurance claim was ever made. Thus, it concluded that defendant had no intent to require plaintiff to make a false statement on an insurance claim and, thus, no involvement of an important societal obligation.

Significant to our decision in this case is that a coemployee told plaintiff that the form was for insurance purposes and it was the same form typically used by defendant to submit claims to an insurer. Plaintiff's refusal to make what he believed to be a false statement on that form, and being fired for that reason, could, if true, constitute a wrongful discharge.

Because factual questions exist, it was error to grant defendant's motion for summary judgment.

Reversed and remanded.